IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **HARVEY ROSS,** | |
| Plaintiff, | |
| v. | Case No.: PWG-15-814 |
| **MEGAN J. BRENNAN** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harvey Ross, *pro se*, is an employee of the United States Postal Service ("USPS") and has brought a complaint against the Megan Brennan, Postmaster General of the USPS, for its handling of a June 28, 2011, Proposed Notice of Removal. I have read Ross's complaint, which lacks clarity, as challenging a previous Equal Employment Opportunity ("EEO") decision where the USPS was found liable and the USPS's decision awarding Ross $5,000 in damages. Defendant has filed a motion to dismiss. Def.'s Mot., ECF No. 19.[1]

---

[1] In response to Defendant's motion, Ross filed a motion for summary judgment for discrimination/retaliation, Opp'n, ECF No. 24. Brennan filed a motion to strike Ross's motion for summary judgment. *See* ECF No. 22. I previously treated this filing as his opposition to Defendant's motion and struck the portions of the filing moving for summary judgment for failure to comply with the Case Management Order, ECF No. 4. *See* Nov. 16, 2015, Letter Order, ECF No. 23. For the reasons stated in this memorandum opinion and order, had I not struck Ross's motion for summary judgment for failure to comply with the Case Management Order, he would not have been able to assert a meritorious claim for summary judgment because the undisputed material facts show that he is not entitled to judgment as a matter of law insomuch as his claims are time barred. Subsequent to the Nov. 16, 2015, Letter Order, Ross filed an opposition and reply to Brennan's motion to strike, Suppl., ECF No. 24. I am treating this filing as a supplement to Ross's opposition to Brennan's motion to dismiss. Brennan has filed a reply, Reply, ECF No. 29. The motion to dismiss is ripe for review. A hearing is unnecessary in this case. *See* Loc. R. 105.6.

Because I treat Ross's complaint as challenging both the Equal Employment Opportunity Commission's ("EEOC") liability decision and the USPS's damages decision regarding the June 28, 2011, Proposed Notice of Removal and because Ross filed his complaint on March 20, 2015, after the 90-day deadline of the initial September 22, 2014, EEOC decision, I will dismiss Ross's complaint as time barred.

## I. BACKGROUND

Ross is a mechanic at the USPS, where he has worked since 1987. Compl. 7, ECF No. 1. He brought this claim for "on-going hostile atmosphere to retrieve past EEO mediated agreements and other monies and benefits owed" under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794(c). *Id.* at 1. Ross's complaint is rambling and difficult to follow. Although he refers to an on-going hostile atmosphere, these actions appear related to two agency decisions that Ross is challenging. Sept. 22, 2014, Decision, Compl., Ex. 1, ECF No. 1-1; Dec. 18, 2014, Decision, Def.'s Mot., Ex. 3, ECF No. 19-4.[2] I am treating Ross's complaint as only challenging these decisions, even though he lists other EEO activity that predates these decisions as background for his current claims and references other potential claims for on-going issues.[3]

---

[2] The December 18, 2014, USPS decision begins on page 16 of Exhibit 3. For this citation, I will refer to the internal page numbers of the decision.

[3] To the extent that Ross is bringing claims for a present hostile work environment or constructive discharge, *see* Compl. 10—which seem to relate directly to Ross's dissatisfaction with the September 22, 2014, and December 18, 2014, decisions—these claims would be dismissed for failure to exhaust the administrative remedies available to him. *See Venable v. Pritzker*, No. GLR-13-1867, 2014 WL 2452705, at *10–12 (D. Md. May 30, 2014). Ross has not provided any indication that he filed a charge with the EEO office regarding these claims and did not contest the USPS's Acceptance for Investigation Letter limiting the scope of its investigation to "discrimination based on Retaliation (prior EEO activity) when: On or around

On May 3, 2011, Ross was working in his position as a mechanic for the USPS. *See* Compl. 12. There seems to have been some confusion between Ross and his supervisor with respect to Ross going on break. *See id.* at 12–13. While Ross was on break, a call came in for certain maintenance to be done, and a page went out to Ross. *See id.* Ross, who had a transceiver with a dead battery, did not receive the page. *See id.* As a result, the maintenance work was delayed. *See id.*; *see also* Sept. 22, 2014 Decision 2.[4]

Following this incident, on June 28, 2011, Ross's supervisor issued a Proposed Notice of Removal. *See* Compl. 14. On October 27, 2011, Ross filed an EEO complaint alleging discrimination on the basis of race, national origin, and age as well as reprisal for prior protected EEO activity. *See* Sept. 22, 2014, Decision. The USPS denied Ross's complaint, and he appealed. *See id.* The EEOC reviewed Ross's appeal and found that he was "entitled to a finding of discrimination on the basis of retaliation and is entitled to full relief. Because we are rendering our decision on the basis of retaliation, we need not address the Agency's failure to address [Ross's] claims of race, national origin or age discrimination." *Id.* at 4. As part of its decision, the EEOC remanded Ross's complaint to the USPS to investigate the extent to which Ross was entitled to compensatory damages and to issue a final decision with respect to these damages. *Id.* at 5. The EEOC decision informed Ross clearly that

> [t]his is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have a right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision.

*Id.* at 7.

---

June 28, 2011, you were issued a Proposed Notice of Removal." *See* Notice of Invest., Def.'s Mot., Ex. 2, ECF No. 19-3.
[4]     Ross has not contested the factual description of events leading to his EEO claim as stated in the September 22, 2014, Decision.

3

In compliance with the EEOC decision, the USPS rendered its final decision on Ross's entitlement with respect to compensatory damages in connection with the events surrounding the June 28, 2011, Proposed Notice of Removal. *See* Dec. 18, 2014, Decision. Based on its review, the USPS determined "that an award of $5,000.00 in non-pecuniary compensatory damage is warranted." *Id.* at 7. Ross filed his claim in this Court on March 20, 2015.

## II.  DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff is proceeding *pro se*, and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90

4

F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). I must accept the facts as alleged in Plaintiffs' complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011). If the documents that the Court considers exceed this scope, the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, 916 F. Supp. 2d 620, 623 (D. Md. 2013). In considering Defendant's motion to dismiss, I have only looked at those exhibits attached to Ross's pleadings or those exhibits attached to the parties' filings with respect to this motion that are integral to the amended complaint and whose authenticity has not been disputed.

Ross has brought this action under Title VII, the ADEA, and the Rehabilitation Act. *See* Compl. 1.[5] Under Title VII, the ADEA, and the Rehabilitation Act, Ross must have filed this

---

[5] The USPS's Acceptance for Investigation Letter limited the scope of its investigation to "discrimination based on Retaliation (prior EEO activity) when: On or around June 28, 2011, you were issued a Proposed Notice of Removal." *See* Notice of Invest. The letter notified Ross that "if you do not agree with the accepted issue as defined above, you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of the date of

action "[w]ithin 90 says of receipt of the Commission's final decision on an appeal." *See* 29 C.F.R. § 1614.407. "The ninety-day period is not jurisdictional, but instead is treated as a statute of limitations period. Nevertheless, the ninety-day timing requirement is strictly enforced." *Shelton v. Atlantic Bingo Supply Co.*, No. DKC-11-0952, 2011 WL 4985277, at *1 (D. Md. Oct. 17, 2011) (internal citations omitted); *see also Laber v. Geren*, 316 Fed. App'x 266, 270 (4th Cir. 2009) (per curiam) ("*Laber II*").

"Title VII does not authorize a federal-sector employee to bring a civil action alleging only that the OFO's remedy was insufficient. Rather, in order properly to claim entitlement to a more favorable remedial award, the employee must place the employing agency's discrimination at issue." *Laber v. Harvey*, 438 F.3d 404, 423 (4th Cir. 2006) (en banc) (footnote omitted) ("*Laber I*"). As Ross is *pro se*, I will construe his complaint liberally as challenging not just the amount of the non-pecuniary compensatory award but also as placing the USPS's liability at issue in accordance with *Laber I*.

Unfortunately, because Ross failed to file his complaint within ninety days of the original EEOC September 22, 2014, decision, his claim is time barred. The pertinent facts here closely parallel the same pattern as the facts in *Laber II*. In *Laber II*, the plaintiff appealed a decision by the U.S. Army to the EEOC's Office of Federal Operations ("OFO"), which issued a decision in the plaintiff's favor on December 22, 1998. *See* 316 Fed. App'x at 268. As part of that decision, the OFO ordered the Army to pay Laber backpay, which the Army was required to calculate. *Id.* On January 25, 1999, Laber sought reconsideration of the OFO's decision, which was denied on

---

your receipt of this letter." *Id.* In cases where the plaintiff fails to provide such a notification, "it is presumed that [the plaintiff's] allegations were properly identified," and challenges concerning issues other than the accepted issue are untimely. *See Venable*, 2014 WL 2452705, at *12.

April 11, 2000.  *Id.*  The Army determined Laber's eligible backpay, or lack thereof, in May 2000.  *Id.*

The Fourth Circuit determined that the final decision with respect to the ninety-day filing deadline was the December 22, 1998, decision, as extended by the April 11, 2000, request for reconsideration.  *See id.* at 270.  The Fourth Circuit reached this conclusion even though the Army did not determine the exact amount that Laber was owed for backpay until May 2000.

Ross's procedural timeline follows the same pattern.[6]  The EEOC reached a final decision in his case on September 22, 2014, and ordered the USPS to determine the amount of non-pecuniary compensatory damages to which Ross was entitled.  *See* Sept. 22, 2014, Decision. The USPS issued its notice of final decision with respect to this award on December 18, 2014. *See* Dec. 18, 2014, Decision.  Following the rule established in *Laber II*, the starting date for the ninety-day filing window was the date of the initial decision on the USPS's liability, September 22, 2014.  Because Ross did not file his complaint until March 20, 2015, he filed his complaint after the ninety-day deadline, and his claim therefore is time barred.[7]

---

[6] It bears noting that in this case there was only a single decision by the EEOC OFO, dated September 22, 2014, unlike in *Laber II*, where the EEOC OFO issued multiple decisions based on Laber's filing of a motion for reconsideration and a request for clarification of its original decision.  *See Laber II*, 316 Fed. App'x at 268–69.  The December 18, 2014, decision, which Ross mistakenly argues is the "final" order for purposes of determining the timeliness of his appeal, is actually an order of the USPS, not the EEOC OFO.

[7] Ross has not raised the issue of equitable tolling.  A plaintiff is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Ross has not demonstrated that he is entitled to equitable tolling.  Further, under a similar fact pattern, the Fourth Circuit in *Laber II* ruled that equitable tolling was inappropriate.  316 Fed. App'x at 270–71.

## III.  CONCLUSION

For the reasons stated above, I will GRANT Defendant's motion to dismiss.[8]  Even though Ross did not request the opportunity to amend his complaint, any amendment of his complaint would be futile because I am dismissing his complaint as time barred.  As a result, this dismissal is with prejudice.

## **ORDER**

Accordingly, it is this 23rd day of June, 2016, hereby ORDERED that Defendant's motion to dismiss, ECF No. 19, is GRANTED.  The Clerk is directed to close the case.

So ordered.

/S/
Paul W. Grimm
United States District Judge

dpb

---

[8] Because I will grant Defendant's motion to dismiss because Ross's claims are time barred, I do not need to consider Defendant's other arguments for why its motion should be granted.